**Kulwant SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71225.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**44**

Tsz–Hai Huang, Hardeep S. Rai, Earle A. Sylva, Tsz–Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Zita H. Brooks, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent. Agency No. A73–754–738.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Kulwant Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation and the denial of his motion to remand for relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence an adverse credibility finding and a denial of asylum, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony was inconsistent with his application, *see Mahli*, 336 F.3d at 992–93, and his demeanor was unconvincing, *see Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). Because these findings went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

It follows that Singh did not satisfy the more stringent standard for withholding of deportation. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

As Singh relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim must also fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's vol-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

untary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.